**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| BERENICE BAUTISTA,<br><br>               Plaintiff,<br><br>v.<br><br>CONCESIONARIA VUELA COMPANIA DE AVIACION, S.A.B. de C.V., d/b/a VOLARIS AVIATION HOLDING COMPANY, and DOES 1-100, inclusive,<br><br>               Defendants. | NO.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>1. ARTICLE 17 AND 21 OF MONTREAL CONVENTION<br><br>2. NEGLIGENCE<br><br>3. BREACH OF CONTRACT<br><br>4. BREACH OF IMPLIED CONTRACT |

## I. PARTIES

1. Plaintiff is and, at all times relevant hereto, was a resident of Yakima County, Washington.

2. Defendant, Concesionaria Vuela Compania de Aviacion, S.A.B. de C.V., d/b/a Volaris Aviation Holding Company ("Volaris" or "Defendant"), is and,

at all times relevant hereto, was a company incorporated under the law of the United Mexican Sates and is headquartered in Mexico City, Mexico.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1-100, inclusive, and each of them, are unknown to Plaintiff who thereby sues Defendants by such fictitious names, and will ask leave of this Court to Amend this Complaint when the true names are ascertained. Plaintiff is informed and believes and on that basis alleges that each Defendant named herein as a Doe is responsible in some manner for the events and happenings referred to herein which proximately caused injury to Plaintiff as hereinafter alleged.

4. Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein, the Defendants, and each of them, were the agents, servants, employees, and joint venturers of each other and were as such acting within the course, scope and authority of said agency, employment, and/or joint venture, and that each and every Defendant, when acting as a principal, was negligent and reckless in the selection, hiring, training, entrustment, and supervision of each and every other Defendant as an agent, servant, employee, or joint venturer.

## II. JURISDICTION AND VENUE

5. This Court has original and supplemental jurisdiction over the claims in this action pursuant to 28 United States Code ("U.S.C.") §§ 1331 and 1367 respectively. This matter arises under the laws, regulations, and treaties of the United States including, but not limited to, the Convention for Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000 T.S. No. 876 (1934), reprinted in note following 49 U.S.C. § 40105 (the "Warsaw Convention"); 14 Code of Federal Regulations ("C.F.R") § 203 *et. Seq.* (the "Waiver of Warsaw Convention Liability Limits and Defenses"); Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 ("Montreal Convention"), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000); the International Air Transport Association's ("IATA") Inter-Carrier Agreement on Passenger Liability ("IIA") and the Agreement on Measures to Implement the International Air Transport Association's Inter-Carrier Agreement ("MIA") and related tariffs. Finally, the amount in controversy in this action exceeds $10,000, exclusive of interests and costs, as required by 28 U.S.C. § 1337(a).

6. Pursuant to Article 33 of the Montreal Convention, this action for damages is brought before the Court at the place of Plaintiff's permanent

residence and to or from which the carrier operates services for the carriage of passengers by air.

7.  This action is properly brought before the Unites States District Court for the Western District of Washington at Seattle pursuant to 28 U.S. C. §1332(a) on the basis of diversity of citizenship and on the basis that the amount in controversy exceeds the jurisdictional amount of $75,000 as provided therein, and is between Plaintiff, who resided and currently resides in Yakima, and Defendants, citizens of the United Mexican States.

8.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claims occurred at the Sea-Tac Airport Terminal, in Seattle, Washington. Specifically, the following claims all arose in the airport terminal and this is outside the Montreal Convention: negligence, breach of contract, breach of implied contract.

9.  Defendant Volaris conducts business in the Western District of Washington.

10. Defendant Volaris, at all times material hereto, carried on substantial and continuous business activities in the State of Washington, within the Western District.

11. Defendant Volaris has availed itself of this jurisdiction.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) and (c).

### III. FACTUAL ALLEGATIONS

13. Plaintiff, Berenice Bautista ("Plaintiff") purchased tickets for undivided international travel on Defendants' aircraft from Seattle, Washington to Guadalajara, Mexico.

14. On or about October 19, 2016, Plaintiff and her family were on Volaris Flight, an international flight from Seattle, Washington to Guadalajara, Mexico, when Plaintiff sustained injuries to her neck and back after two separate impacts.

15. On the first occasion, the plane took off and was elevated from the runway but abruptly went down and crashed on the runway causing injuries to Plaintiff's neck and back.

16. The passengers were asked to vacate the plane and made to wait while the plane was fixed.

17. After a few hours, the passengers were asked to board the same plane a second time.

18. The plane sped down the runway at high speed but abruptly stopped causing Plaintiff whiplash and reinjury her neck and back.

19. After the second impact, the Plaintiff was having trouble walking or sitting and was suffering from excruciating pain.

20. The passengers were asked to vacate the plane and made to wait while a different plane was acquired.

21. Plaintiff asked Volaris for medical assistance but Volaris ignored her continued requests for medical assistance.

22. Plaintiff was lying on the floors of the airport in excruciating pain.

23. Defendants promised Plaintiff and other passengers a hotel, food and other accommodations given that they would have to spend the night in Seattle while a new plane was acquired.

24. The Plaintiff and other passengers were not provided with the accommodations they were promised by Defendants and Plaintiff had to spend the night sleeping in the airport floors in excruciating pain.

25. Plaintiff spent the night on the floor of the airports in excruciating pain with none of the accommodations promised by Volaris.

26. Plaintiff had to wait hours to be provided with medical attention.

27. At one point the next day, the local news showed up and interviewed passengers, including Plaintiff.

28. Following the interview and following Plaintiff's and other passengers' repeated requests that Plaintiff be given medical attention, Volaris finally assisted Plaintiff in calling an ambulance.

29. Plaintiff was taken by ambulance to the Seattle hospital to obtain treatment for injuries caused by Defendants.

30. On or about October 20, 2018, aboard a new aircraft, after the third attempt Volaris finally transported Plaintiff and other passengers from Seattle, Washington to Guadalajara, Mexico in a functioning plane.

31. Upon landing in Guadalajara, Mexico, Volaris announced an apology over the intercom saying that it was better that they waited for a different plane as he did not want to risk the passengers' lives.

32. Volaris intentionally, with reckless disregard and/or with negligence failed to provide a safe plane for Plaintiff to travel on two repeated occasions, causing injuries to Plaintiff.

## IV. CAUSES OF ACTION
## FIRST CAUSE OF ACTION – ARTICLE 17 AND 21 OF THE MONTREAL CONVENTION

33. The foregoing paragraphs are realleged and incorporated by reference herein.

34. Plaintiff sues for damages for injures under Articles 17 and 21 of the Convention for the Unification of Certain Rules for International Carriage by Air (Montreal, 28 May 1999).

35. The bodily injures sustained by Plaintiff took place on board the aircraft while Plaintiff was a passenger.

36. Plaintiff's injuries were caused by an unusual or unexpected event or happening external to her.

37. For Plaintiff's damages not exceeding 113,100 Special Drawing Rights, the Defendant is strictly liable.

38. For Plaintiff's damages exceeding 113,100 Special Drawing Rights the airline must disprove its own negligence.

### SECOND CAUSE OF ACTION - NEGLIGENCE

39. The foregoing paragraphs are realleged and incorporated by reference herein.

40. Plaintiff is informed and believes that Defendants negligently and carelessly failed to properly train, monitor, test and supervise their agents or employees.

41. Plaintiff is informed and believes that Defendants negligently and carelessly failed to properly monitor, test and maintain their aircrafts to safely transport passengers.

42. Plaintiff is informed and believes that Defendants had actual and constructive notice of the danger posed to passengers resulting from injuries of the type that injured Plaintiff, but failed to take appropriate action to prevent such injures.

43. Plaintiff informed and believes that at all times material hereto, Defendants Operated Flights as common carriers engaged in the business of transporting fare-paying passengers. As a common carrier, Defendants and their agents, servants and employees owed the highest duty of care to its passengers, including Plaintiff, a passenger on Flight. Defendants and/or agents breached their duty of care to the Plaintiff, causing her to suffer serious injuries.

44. Plaintiff is informed and believes that Defendants and their agents, servants and employees, acting within the scope of their agency, service and/or employment recklessly, negligently, tortuously and/or carelessly failed to protect the safety of their passengers from injury.

45. Plaintiff is informed and believes that Defendants knowingly, recklessly, negligently, tortuously and/or carelessly failed to adequately train and/or supervise its agents, servants, and employees in the proper course of takeoff and which airplanes should or should not be used.

46. Plaintiff is informed and believes that Defendants knew or should have known their acts and omissions created a foreseeable risk of grave, permanent and/or debilitating injuries for passengers, including Plaintiff.

47. Plaintiff is informed and believes that Defendants acts and omissions and its overall failure to follow industry, national, and/or international standards,

COMPLAINT AND DEMAND FOR JURY TRIAL            9            SUNLIGHT LAW, PLLC
402 E Yakima Avenue, Suite 730
Yakima, WA 98901
(509) 388-0231

principles, procedures and/or practices with regards to safety, constitute willful misconduct and/or reckless, knowing, negligent, tortious and/or careless conduct with knowledge that injuries or damages would probably result.

48. Plaintiff is informed and believes that Defendants had exclusive control of the aircraft for purposes of the res ipsa loquitor doctrine, that the incident which occurred is of the type that does not ordinarily occur absent negligence, and that Plaintiff did not cause the occurrences which resulted in her injures and damages. Accordingly, Plaintiff is entitled to invoke the benefits and presumptions attendant the res ipsa loquitor doctrine against the Defendants, in addition to all other rights, remedies, inferences, and presumptions existing in Plaintiff's favor.

49. Plaintiff is informed and believes that Defendants failed to render proper aid and medical assistance to Plaintiff during and in the aftermath of the injury causing incidents.

50. Plaintiff is informed and believes that Defendants failed to render proper aid and medical assistance to Plaintiff while Plaintiff was in the Sea-Tac Airport Terminal, in front of Volaris personnel lying on the floor in excruciating pain even after repeated requests from Plaintiff and other concerned passengers.

51. The negligence, carelessness and legal fault of the Defendant was a legal cause of the Plaintiff's injuries and damages.

### THIRD CAUSE OF ACTION – BREACH OF CONTRACT

52. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though set forth in full in this cause of action.

53. An enforceable contract existed between Plaintiff and Defendant.

54. The Defendant failed to perform its obligations under the contract without justification for nonperformance.

55. Defendant's breach caused damage to Plaintiff as will be proven at trial.

### FOURTH CAUSE OF ACTION – BREACH IMPLIED CONTRACT

56. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though set forth in full in this cause of action.

57. An enforceable oral contract was created between the parties at the Sea-Tac airport terminal when Volaris promised Plaintiff a hotel room and other accommodations and Plaintiff agreed.

58. An enforceable implied contract is created through Defendant's policies, which promise accommodations to passengers who like Plaintiff have to spend the night at the airport.

59. The Defendant failed to perform its obligations under the contract without justification for nonperformance.

60. Defendant's breach caused damage to Plaintiff as will be proven at trial.

## V. OTHER CLAIMS

61. Plaintiff reserves the right to conduct discovery into alternative claims and additional defendants and to amend these charges as necessary.

## VI. PRAYER FOR RELIEF

62. WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them jointly and severally, as follows:

62.1. Damages according to proof for Plaintiff's past and future economic damages, including but not limited to hospital and medical expenses, wage loss, and out of pocket expenses;

62.2. Damages according to proof for Plaintiff's past and future noneconomic damages including, but not limited to, pain, suffering, and emotional distress;

62.3. Damages reflecting all detriment caused to Plaintiff by Defendants;

62.4. Costs of suite;

62.5. Prejudgment interest as may be application under the law and facts; and

62.6.   Such other and further relief as the Court deems proper.

DATED this __4th__ day of October, 2018.

SUNLIGHT LAW, PLLC

s/ Favian Valencia
FAVIAN VALENCIA, WSBA #43802
Attorney for Plaintiff

## JURY DEMAND

Plaintiff requests a jury by trial on all legal causes of action that are triable to a jury.

DATED this __4th__ day of October, 2018.

SUNLIGHT LAW, PLLC

s/ Favian Valencia
FAVIAN VALENCIA, WSBA #43802
Attorney for Plaintiff