UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERENICE BAUTISTA, <br><br> Plaintiff, <br><br> v. <br><br> CONCESIONARIA VUELA COMPAÑÍA DE AVIACIÓN, S.A.P.I. DE C.V. D/B/A VOLARIS AIRLINES, <br><br> Defendant. | C18-1463 TSZ <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion for partial summary judgment, docket no. 26, is DENIED. Plaintiff has not established the requisite absence of any genuine dispute of material fact or entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

(2) The parties' joint motion, docket no. 39, to continue the trial date and related deadlines for six months is GRANTED in part, and DENIED in part, as follows:

| **JURY TRIAL DATE (5 days)** | **May 10, 2021** |
|---|---|
| Discovery motions filing deadline | December 3, 2020 |
| Discovery completion deadline | January 19, 2021 |
| Dispositive motions filing deadline | February 18, 2021 |

MINUTE ORDER - 1

| Deadline for filing motions related to expert testimony (*e.g.*, Daubert motions) | February 25, 2021 *But see* Paragraph 3 |
|---|---|
| Motions in limine filing deadline | April 8, 2021 |
| Agreed Pretrial Order due | April 23, 2021 |
| Trial briefs, proposed voir dire questions, and jury instructions due | April 23, 2021 |
| Pretrial conference | April 30, 2021 at 1:30 p.m. |

The parties base their fourth request to alter the trial date in this matter on the need to conduct depositions of plaintiff (who resides in Washington), her family members and friends, and her medical providers, as well as members of defendant's flight crew.  The parties indicate that some deponents are in Mexico, and that international travel has been and still is impeded by restrictions relating to Coronavirus Disease 2019 ("COVID-19").  Counsel have not, however, explained why they cannot proceed with depositions via a web-based video-conference platform (*e.g.*, Cisco WebEx, GoToMeeting, Microsoft Teams, Skype for Business, Zoom, etc.), telephone, or other remote means.  *See* Fed. R. Civ. P. 30(b)(4).  Assuming that the parties and counsel are technologically equipped to complete depositions remotely, the Court is satisfied that an approximately three-month continuance is sufficient.  Given the realities of the COVID-19 crisis, the Court is not persuaded that the longer continuance sought by the parties would enable them to engage in face-to-face depositions.

     (3)    In this matter, the deadline for disclosure of expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2) expired on December 2, 2019, *see* Minute Order (docket no. 16), before the parties filed the first of their four motions to continue the trial date and related deadlines.  *See* Stip. Mot. (docket no. 19) (filed Dec. 17, 2019).  The deadline was not reset in the Minute Order entered December 18, 2019, docket no. 20, in the Minute Order entered April 24, 2020, docket no. 22, dealing with the second motion for continuance, or in the Minute Order entered April 28, 2020, docket no. 25, addressing the third motion to alter the trial date.  The parties' motion for reconsideration, which is imbedded in their current motion for continuance and seeks to reset the expert disclosure deadline, is DENIED, but without prejudice to filing a stand-alone motion explaining why the parties ignored the deadline set by the Court, articulating the reason for failing to seek an extension of the deadline before it expired, *see* Local Civil Rule 7(j), setting forth with particularity the experts, if any, the parties wish to disclose, and indicating why the parties cannot proceed without the specific experts' testimony.

MINUTE ORDER - 2

(4)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 6th day of August, 2020.

William M. McCool  
Clerk

s/Karen Dews  
Deputy Clerk

MINUTE ORDER - 3